## SHERMAN OIL AND COTTON COMPANY V. J. D. STEWART.

Decided October 20, 1897.

**1. Master and Servant—Negligence—Charge.**

See opinion for charge held to fully and correctly present the issues of negligence and contributory negligence in an action by a servant for injuries from acts done by direction of defendant's foreman and from negligence of fellow-servants employed with knowledge of their incompetency.

**2. Amendment—Limitation.**

A petition seeking recovery for personal injuries caused by negligence of a fellow-servant, employed with knowledge of his carelessness, amended more than a year after the accident so as to charge negligence and wrongful employment of another servant also as contributing to the injury, did not present a new cause of action, and recovery for the negligence so last alleged was not barred.

APPEAL from Grayson. Tried below before Hon. DON A. BLISS.

*Wilkins & Vinson* and *Head, Dillard & Muse,* for appellant.—The court erred in overruling defendant's special exception to so much of plaintiff's petition as sought to recover of defendant on account of the incompetency of J. M. Alexander, because in the plaintiff's original petition the negligence was placed on entirely other grounds, and more than one year had elapsed between the happening of the accident and the filing of any pleading seeking to recover because of Alexander's incompetency, and plaintiff's action based on this ground was therefore barred by the statute of limitations. He was only foreman of the job. Buntin v. Rail-

way, 41 Fed. Rep., 744; Smith v. Railway, 50 Fed. Rep., 760; Fergason v. Railway, 63 Fed. Rep., 177; Williams v. Randon, 10 Texas, 74.

*Wolfe & Hare* and *C. B. Randell*, for appellee.—This suit having been instituted for personal injuries alleged to have been caused by the negligence of appellant within twelve months after the cause of action arose, the allegation of additional facts set up in the second amended original petition tending to establish this same negligence for which the suit was originally instituted, would not be barred by limitation though such amended petition was filed more than twelve months after the original cause of action accrued. Railway v. Irvine, 64 Texas, 529; Railway v. Davidson, 68 Texas, 370; Railway v. Johnson, 34 S. W. Rep., 186; Railway v. Cook, 25 S. W. Rep., 455; Railway v. McCulloch, 24 S. W. Rep., 1101; White v. Holley, 24 S. W. Rep., 831.

KEY, ASSOCIATE JUSTICE.—This is a suit for damages for personal injuries, and resulted in a verdict and judgment for the plaintiff for $1000. The defendant has appealed. The very full, accurate, and satisfactory charge given by the trial judge shows the nature of the suit and the issues of fact upon which the rights of the parties depend. Said charge is as follows:

"Gentlemen of the jury: The plaintiff, J. D. Stewart, claims that while he was in the employment of the defendant, the Sherman Oil and Cotton Company, in the capacity of a laborer, he was injured by the falling of a block on him from a derrick. He claims that his injury was caused by the failure on the part of John Slusher, the foreman of defendant, to exercise ordinary care for his, plaintiff's, safety, while he, plaintiff, was discharging the duties of his employment. He claims that this failure on the part of said Slusher to exercise ordinary care for his, plaintiff's, safety, consisted in causing J. M. Alexander and Joe Hamilton, two of plaintiff's fellow workmen, to remove certain blocks at the top of the derrick, while plaintiff was winding up one of the ropes of said derrick on a windlass beneath. He further claims that the said Slusher failed to exercise ordinary care for plaintiff's safety because he, the said Slusher, knew, or ought to have known, that J. M. Alexander was a careless man and reckless, and a person unsafe for other persons to work with, and so knowing or having notice thereof, the said Slusher employed the said Alexander to work with plaintiff and the other workmen, and continued to keep said Alexander in his employment with plaintiff and other workmen after he, the said Slusher, knew or had notice of said carelessness and recklessness of said Alexander. He seeks to recover damages on account of said injuries.

"The defendant denies that the said Slusher failed to exercise ordinary care for plaintiff's safety in any of the particulars claimed by plaintiff. Defendant further denies that plaintiff's injury was caused by any failure on the part of said Slusher to exercise ordinary care for plaintiff's safety, but claims that plaintiff's injury was caused by one of the risks ordinarily incident to the work in which plaintiff was engaged, or through an acci-

dent, or through the carelessness of one of plaintiff's fellow workmen, or through plaintiff's own failure to exercise ordinary care for his safety.

"You are instructed as follows: ·1. It is the duty of the master to exercise ordinary care, which means the care that a person of ordinary prudence would use under the particular circumstances, for the safety of the servant while the servant is engaged in performing the duties of such servant's employment; and it is a part of the duty of the master to exercise ordinary care in the selection and employment of other servants who may work with such servant. If the master fails to exercise ordinary care for the safety of the servant while the servant is engaged in performing the duties of such servant's employment, and thereby causes an injury to the servant, he is liable to the servant in damages on account of such injury, unless the servant himself has failed to exercise ordinary care for his own safety and has thereby helped to cause his own injury. But the master does not insure the safety of the servant while the servant is engaged in performing the duties of his employment, nor does he insure the carefulness and competency of coservants. If the master has exercised ordinary care for the safety of the servant while the servant is engaged in performing the duties of his employment, and has exercised ordinary care in the selection and employment of the servant's coservants, and has exercised ordinary care with regard to retaining such coservants in employment, he has discharged his full duty under the law to the servant and is not liable to the servant in damages, no matter how badly injured the servant may be while engaged in the performance of the duties of the employment.

"2. When a servant accepts employment of a master, he thereby assumes all the risks of being injured ordinarily incident to the kind of work in which he is engaged, and one of the risks so assumed by the servant is the risk of being injured by a failure on the part of one of his coservants to exercise ordinary care, or, indeed, any kind of care, as well as the risk of being injured by accident; therefore, if the servant is injured by any of these things, and not through the failure of the master to exercise ordinary care, as hereinbefore stated, the servant can not recover any damages from the master on account of such injury unless the master has failed to exercise ordinary care for the injured servant's safety in employing or in retaining in employment the servant whose want of care caused the injury.

"3. It is also the duty of the servant to exercise ordinary care for his own safety while he is engaged in the performance of the duties of his employment; and if he fails to do this, and thereby helps to cause his own injury, he can not recover any damages of the master, no matter how badly he may have been injured, nor no matter how much the master may have been to blame, for, in such a case, the law does not permit any inquiry to be made as to who is the more to blame, the master or the servant, but simply denies any recovery to the servant.

"4. In law, every one that employs another, whether an individual or a corporation, is called the master, and every one who accepts em-

ployment is called a servant. Thus, in this case, the Sherman Oil and Cotton Company, the defendant, was the master, and the plaintiff, J. D. Stewart, was the servant. The law makes no discrimination whatever, with respect to the duties hereinbefore mentioned, between an individual and a corporation. A farmer, a merchant, or a carpenter owes precisely the same duties to his servants that a corporation does to its servants.

"5. Bearing carefully in mind the foregoing instructions, if you believe from the evidence that the plaintiff, while in the employment of the defendant in the capacity of a laborer, was placed by John Slusher, defendant's foreman, at work winding up a rope on the windlasss to a derrick, and that, while the plaintiff was so engaged, the said Slusher directed or caused two of plaintiff's coservants, J. M. Alexander and Joe Hamilton, to go up and remove some ropes and blocks, commonly called snatch-blocks, from the top of said derrick, and that, while the said Hamilton and the said Alexander were so removing said ropes and snatch-blocks and plaintiff was so winding the rope on said windlass, one of said blocks fell and injured plaintiff, you will find for the plaintiff, if you further believe from the evidence that, in so directing and causing said Hamilton and Alexander to so remove said ropes and blocks from the top of said derrick while plaintiff was at work beneath winding said windlass, the said Slusher failed to exercise ordinary care for plaintiff's safety and that this failure on the part of said Slusher to exercise ordinary care caused plaintiff's injury, and further believe from the evidence that plaintiff himself, at the time he was injured, was exercising ordinary care for his own safety.

"6. Or, again, if you believe from the evidence that J. M. Alexander was a reckless or careless person and a person unsafe to work with others, and believe further from the evidence that the defendant's foreman, John Slusher, knew this, or in the exercise of ordinary care ought to have known thereof, before plaintiff received his said injury, and that, so knowing or having notice thereof, the said Slusher employed the said Alexander to work with plaintiff and other workmen, or that after so knowing or having notice that the said Alexander was careless, reckless, and unsafe to work with other workmen, the said Slusher retained the said Alexander in employment, and if you believe further from the evidence that the said Slusher, before plaintiff was injured, knew or had notice that the said Alexander was such a kind of man, you will find for plaintiff if you further believe from the evidence that the said Alexander failed to exercise ordinary care in removing one of said blocks and by reason of his failure to exercise ordinary care let said block fall and injure plaintiff while plaintiff himself was exercising ordinary care for his own safety.

"7. The burden of proof is upon plaintiff to establish by a preponderance of evidence, that is, by the greater weight of credible testimony, one or the other of the two sets of facts that would entitle him to recover, as set forth in the two paragraphs immediately preceding this paragraph of this charge; otherwise, your verdict should be for the defendant.

"8. So, of course, if you should believe from the evidence that the said Slusher did not direct or cause the said Alexander and Hamilton to go up and remove said rope and blocks from the top of said derrick while plaintiff was at work beneath winding said windlass, but that one Ledeker, who was in the employment of defendant at the time, so directed or caused the said Hamilton and Alexander to do said work while the said Slusher was not personally present and had not directed said work to be so done, you will find for defendant, unless you should find for plaintiff under paragraph 6 of this charge. In this connection, however, you are instructed, that if you believe from the evidence that the said Slusher directed said work to be done in said manner, under said circumstances, and that in so doing he failed to exercise ordinary care for plaintiff's safety, and that plaintiff was injured by reason thereof without any fault on his part helping to cause his injury, the defendant would be liable in damages to the plaintiff, even though you should believe from the evidence that the said Slusher was not personally present when said work was being actually done. In this connection you are further instructed, that if you should believe from the evidence that the said Ledeker delivered to the said Hamilton and Alexander the direction to do said work at said time under said circumstances, but that he did so as the mouthpiece of the said Slusher, or with the knowledge and approval of said Slusher, then this would be the same as if the said Slusher himself, in person, had so directed said work to be done. In other words, the acts of the said Ledeker would, in such a case, in law, be the act of the said Slusher.

"9. In this connection and in connection with the instruction contained in paragraph 5 of this charge you are further instructed that, in order for the defendant to be liable to plaintiff on account of any failure on the part of the said Slusher to exercise ordinary care for the plaintiff's safety, such failure on Slusher's part to exercise such care, must have been the cause of the injury that plaintiff received, if he received any. So, even if you should believe from the evidence that the said Slusher himself, or by one Ledeker, as his mouthpiece, directed or caused the said Alexander and Hamilton to go up on a derrick and remove some ropes and blocks from the top of said derrick while plaintiff was at work beneath winding up a rope on the windlass to said derrick, and that in so doing the said Slusher failed to exercise ordinary care for plaintiff's safety, still, if you should believe from the evidence that the said Hamilton and Alexander, or either of them, failed to use ordinary care for plaintiff's safety in doing said work or removing said ropes and blocks from the top of said derrick, and that this failure on the part of the said Hamilton and Alexander, or on the part of either of them, to exercise such care, caused the injury to plaintiff, then you will find for defendant, unless you find for plaintiff under the instruction contained in paragraph 6 of this charge.

"10. Again, if you believe from the evidence that the said Slusher, in employing the said Alexander and in retaining him in employment, exercised ordinary care for the safety of the other servants employed by the

said Slusher for the defendant, you will find for defendant, even though you should believe from the evidence that the said Alexander was a careless, reckless, and unsafe person to work with others, unless you should find for plaintiff under paragraph 5 of this charge. In this connection you are further instructed that, although you should believe from the evidence that Alexander was not a skilled mechanic, yet, unless you should further believe from the evidence that he was not a man of ordinary prudence in the doing of work for which he was employed, or was not ordinarily competent for such work, and that the said Susher knew this, or in the exercise of ordinary care ought to have known this before plaintiff was injured, then you can not find for plaintiff on account of the said Alexander's employment or his continuance in such employment.

"11. Still further, if you should believe from the evidence that plaintiff's injury was caused by the said Hamilton's letting go the rope and block that the said Hamilton was engaged in removing, and thereby jerking the block out of Alexander's hand and causing the same to fall on plaintiff while said Alexander was exercising ordinary care, you will find for defendant, even though you should believe from the evidence that the said Alexander was a careless, reckless, and unsafe person to do the work that he was engaged in doing.

"12. Again, if you should find from the evidence that before said block fell upon plaintiff he was warned by anyone to look out, and that he heard said warning, and that he yet failed to keep a lookout, and that in so failing to keep a lookout he failed to exercise ordinary care for his own safety and thereby helped cause his own injury, you will find for defendant, even though you should believe from the evidence that the said Slusher failed to exercise ordinary care in some one or all of the particulars hereinbefore mentioned.

"13. You are further instructed that, if you believe from the evidence that the said Slusher exercised ordinary care in the particulars hereinbefore mentioned and that the plaintiff himself exercised ordinary care for his own safety, you will find for defendant, even though you should believe from the evidence that plaintiff was injured by the falling of said block, for in such a case plaintiff's injury would be an accident for which defendant would not be liable.

"14. You are further instructed that, after weighing all the testimony introduced in evidence before you bearing upon the facts set forth in paragraphs 5 and 6 of this charge, your minds are left in exact balance, the evidence preponderating neither way, you will find for defendant.

"15. If you should find for plaintiff, you will allow him by your verdict such a sum of money as you may believe from the evidence will fairly compensate him for the reasonable value of any of his time that you may believe from the evidence he has lost by reason of his said injury, for any reasonable expenses that you may believe from the evidence he has incurred by reason of such injury in the way of medicines and medical treatment in treating such injury, for any decrease in his capacity to labor and earn money in the future that you may believe from the evidence

has been caused by such injury, and for any physical suffering and mental anguish that you may believe from the evidence he has endured by reason of such injury. In this connection, however, you are instructed that you can allow him damages for those things caused by said injury from the falling of said block and striking him only, and for none other; so, if you should believe from the evidence that some of the consequences which plaintiff claims were caused by said block's striking him on the head are due to some other cause, you can not allow him any damages for such troubles so due to some other cause. In other words, you can allow him damages for only those injuries that you may believe from the evidence were caused by said block's striking him, if you allow him any.

"16. Testimony has been admitted by the court to the effect that certain witnesses who have testified before you either on the stand, or by deposition, have, at other times, made statements contradictory to some of their testimony given before you. If you believe that such contradictory statements or any of such contradictory statements was or were made, you can not consider such contradictory statement or statements that you may believe to have been so made as proving or even tending to prove the facts purported to be set forth in such contradictory statement or statements. You can consider such contradictory statement or statements in determining what weight or credit you will give to the testimony given before you by the witness or witnesses who have made such, but for no other purpose. This instruction, however, does not apply to any testimony as to statements made by the parties to this suit, whether plaintiff or defendant, at other times than while testifying before you. The testimony as to any statement made by the parties to this suit will be considered by you for all purposes. In this connection you are instructed that any statement or statements that you may believe from the evidence to have been made by the said Slusher within the scope of his employment, with reference to the work he was doing for defendant while he was discharging the duties of his employment would, in law, be the statements of the defendant; but any other statements made by the said Slusher would not be the statements of the defendant.

"17. The law makes it your exclusive province to weigh the testimony and to pass on the credibility of the witnesses. You have sworn solemnly to find, from the testimony admitted by the court before you, what is the truth, no matter which way this truth cuts, and you can not, under your oaths as jurors, allow any feelings of prejudice or sympathy to influence you in the slightest degree. After you have found the facts, then in determining what your verdict shall be upon these facts, whether for plaintiff or for defendant, you have sworn to be governed by the law as set forth in this charge and by this alone, no matter what counsel may have told you is the law, and no matter what may be your own private ideas of what is just and right.

"19. If you find for the plaintiff, the form of your verdict may be: 'We the jury find for the plaintiff, and assess his damages at ——— dol-

lars,' filling in the blank with the amount you assess. · If you should find for the defendant, you will simply so state. In any event, let your verdict be signed by your foreman.

"In accordance with a request to more fully instruct you concerning a matter that the court does not deem sufficiently covered by the instructions contained in the main charge, you are further instructed that, if you believe from the evidence that plaintiff knew that some one or more of defendant's employes was or were engaged in doing some work on said derrick above him while he was at work beneath winding a rope to the windlass on said derrick, and if you further believe from the evidence that a man of ordinary prudence in plaintiff's situation would have used care to avoid being struck by anything that might fall, and if you believe further from the evidence that if he had used such care he would not have been struck by the falling block, you will find for defendant, irrespective of any other question in the case."

The verdict of the jury is general, and we have no means of knowing whether they found that the defendant was guilty of negligence in one or both respects, as submitted in the fifth and sixth paragraphs of the charge, but there is testimony in the record that will sustain a finding of negligence in both respects; and therefore we so find the facts. We also find that the plaintiff was not guilty of contributory negligence, and that his injuries were not caused by the act of a fellow-servant acting independently.

·Opinion.—The plaintiff's original petition did not charge the defendant with negligence in employing and retaining in his employment J. M. Alexander, who let the block fall from the top of the derrick, by which the plaintiff was injured, and more than a year had elapsed between the infliction of the injury and the filing of the amended original petition, charging the defendant with such negligence. The defendant specially excepted to this ground of recovery in the amended petition, upon the ground that it was barred by the statute of limitations. This exception was overruled, and this ruling is assigned as error. We do not regard this assignment as well taken. The damages sought to be recovered in both petitions grew out of and resulted from the same transaction, and in our opinion, the amended petition did not set up a new cause of action. Railway v. Frazier, 34 S. W. Rep., 664; Railway v. Davidson, 68 Texas, 370; Railway v. Irvine, 64 Texas, 529; Railway v. Johnson, 34 S. W. Rep., 186.

Counsel for appellant assail the charge of the court, mainly upon the ground that it submitted to the jury issues that were not raised by the testimony. There was testimony before the jury upon every phase covered by the charge, and in our opinion it is not subject to that or any other criticism urged against it.

We rule against appellant on all the questions presented in its brief, and affirm the judgment.

                                                            *Affirmed.*

Writ of error refused.