W. H. KNOX ET AL. V. S. P. McELROY ET AL.

No. 2047. Decided May 4, 1910.

**1.—Practice in Supreme Court—Motion for Rehearing.**

The requirement of a motion for rehearing in the Court of Civil Appeals as a basis for the review of its rulings by the Supreme Court is not met in a case where the Appellate Court granted appellant's motion for rehearing on its affirmance of the case after striking out the statement of facts, but afterwards, considering such statement, again affirmed the case and no motion for rehearing thereon was made by the party applying for writ of error. (Pp. 357, 358).

**2.—Fundamental Error.**

A plea in reconvention, seeking damages by reason of sequestration of property, considered and held to allege facts entitling the pleader to recover. Error in permitting recovery thereon could not be held to be fundamental. (P. 358).

**3.—Same—Practice in. Supreme Court.**

It seems that fundamental error can not be taken advantage of in the Supreme Court unless raised by a motion for rehearing in the Court of Civil Appeals. (P. 358).

**4.—Misjoinder—Plea in Abatement.**

A plea of misjoinder of parties must be acted upon in the trial court; if this is not done it is too late to call up the question in the appellate tribunal. (P. 358).

Error to the Court of Civil Appeals for the Fourth District in an appeal from Sabine County.

McElroy and others, defendants in an action for the recovery of land by Knox and another, obtained judgment on their plea in reconvention for damages by reason of sequestration of their property after plaintiffs had dismissed the suit for the land. Plaintiffs appealed and on affirmance obtained writ of error.

*Goodrich & Synnott* and *Greer & Minor,* for plaintiffs in error.

*E. P. Padgett* and *T. C. Davis,* for defendants in error.

MR. CHIEF JUSTICE GAINES delivered the opinion of the court.

This suit was brought by the plaintiffs in error W. H. Knox and W. F. Goodrich against the defendants in error E. P. Padgett, S. P. McElroy, J. T. Hornsby and M. A. Lightfoot to recover the north half of the David White survey. The plaintiffs sued out a writ of sequestration under which the land was seized and held until the trial of the cause. When the suit was called for trial the plaintiffs took a nonsuit. The defendants having reconvened for the land and for damages, the suit was tried upon the issues so made and resulted in a judgment for Padgett and McElroy for the land and for Hornsby and Lightfoot for damages for the wrongful suing out of the writ of sequestration.

Upon appeal the Court of Civil Appeals struck out the statement of facts and affirmed the judgment. But upon motion for a rehearing to this ruling, the court rescinded its order striking out the statement of facts and considered and decided the case upon its merits with

the same result. To the second affirmance of the judgment no motion for a rehearing was filed. In an ordinary case the rules of this court require that as a prerequisite to the consideration of the assignments a motion for a rehearing should be filed in the Court of Civil Appeals. Hence, our opinion is concerned with very few questions.

It is assigned, as a fundamental error, that plaintiffs were not liable to Hornsby and Lightfoot, because their mill was not on the land in controversy but upon a separate tract, and the plaintiffs did not know of their claim to the timber, and that, therefore, the plaintiffs were not liable to them for having sequestered the land, and having thereby deprived them of the use of the timber. The defendants in their plea of reconvention aver: "On the 4th day of October, 1905, plaintiffs W. H. Knox and W. F. Goodrich instituted their suit in this court, and at the same time wrongfully and fraudulently sued out a writ of sequestration in said cause against these defendants, and caused and forced H. J. Solly, a deputy sheriff of W. T. Arnold, sheriff of said Sabine County, and State of Texas, to execute said writ of sequestration by dispossessing these defendants of said land and timber and taking into his H. J. Solly's possession said land and timber as such deputy sheriff, and as such deputy sheriff wrongfully withholding the possession of said land timber from the defendants, M. A. Lightfoot and J. T. Hornsby." They further aver that "plaintiffs' acts and conduct in suing out said writ of sequestration and the execution of the same by dispossessing defendants of said land and timber was done by plaintiff with the sole intent to wrongfully, wilfully and maliciously injure and damage defendants as herein charged, and that after they had thus wrongfully acted, they (plaintiffs) conspired together in a combination and conspiracy to further wrong and injure, harass and annoy defendants by depriving defendants of their right to replevy said land timber, and in so doing the said H. J. Solly, the officer in possession of said land and timber by virtue of said writ of sequestration, refused to consider or accept any replevy bond for the same and so informed these defendants; that by reason of the acts and conduct of said plaintiffs they became due and owing these defendants the several sums herein stated." They also aver that all of the facts in relation to their title "were well known or could have been well known to plaintiffs by slight investigation." We think these allegations are sufficient to show that the writ of sequestration was wrongfully and intentionally issued for the purpose of depriving the defendants of the use of the timber upon the land. The evidence was sufficient to sustain the allegations. This, we think, is sufficient to show that any error that may have been committed by the court in reaching its conclusion was not a fundamental error. But in this connection we may remark that we are not inclined to hold that if fundamental error is shown, it could be taken advantage of in this court, without raising it in a motion for a rehearing in the Court of Civil Appeals.

We are also of opinion that the Court of Civil Appeals correctly held that a plea for misjoinder of parties must be acted upon in the trial court, and that if it is not done it is too late to call up the question in the appellate tribunal.

There being no error assigned which we can consider other than those already disposed of, the judgment of the trial court and that of the Court of Civil Appeals are affirmed.

*Affirmed.*