## WOOD v. INGRAM. (No. 206.) *

(Court of Civil Appeals of Texas. Waco.
Sept. 4, 1924. Rehearing Denied
July 6, 1925.)

**1. Contracts ⚙═346(2)—When express contract pleaded, it must be proved as alleged.**

Where an express contract is pleaded, such contract must be proved as alleged, and terms of contract set up and relied on must be correctly stated, and proof offered to sustain it must correspond with allegations.

**2. Limitation of actions ⚙═127(4) — Plea of limitations to contract set up in amended pleading defeated, if identical in essential elements with that set up in original pleading.**

It is sufficient to defeat plea of limitation to contract, set up in amended pleading, if contract set up therein, and that set up in original pleading are identical in essential elements.

**3. Limitation of actions ⚙═127(4) — Trial amendment held not to have set up new cause of action, subject to bar of limitation.**

Where, in suit by tenant against landlord for wrongful eviction, only modification of rental contract, set up in plaintiff's trial amendment, concerned inception of plaintiff's right therein, held, that trial amendment did not set up new cause of action, subject to bar of limitation.

**4. Limitation of actions ⚙═127(4)—Amended petition held not to set up new cause of action, subject to bar of limitation.**

Where original petition alleged forcible eviction, amended petition alleging that plaintiff was evicted by sheriff, who executed writ of sequestration, caused to be issued by defendant, held not to set up new cause of action, subject to bar of limitation.

**5. Appeal and error ⚙═930(3) — Finding on disputed question presumed in favor of plaintiff in support of judgment in his favor, where no special issue thereon requested by defendant.**

In action by tenant against landlord for wrongful eviction, wherein defendant alleged that premises were rented for purpose of being used as pool and billiard hall, which use became illegal under Gen. Laws 1919, c. 14, but plaintiff introduced testimony that no specific rental purpose was stipulated, held that, under Rev. St. art. 1985, defendant having requested no special issue thereon, it must be presumed, in support of judgment for plaintiff, that trial court found that no specific rental purpose was stipulated.

**6. Landlord and tenant ⚙═134(3)—Landlord's eviction of tenant held not justified under act making operation of pool and billiard business a misdemeanor.**

That Gen. Laws 1919, c. 14, made operation of pool and billiard hall a misdemeanor, held not to justify landlord's eviction of tenant, who conducted such business together with that of cold drink and tobacco and cigar business, especially where landlord never excepted to continued operation of pool and billiard business.

**7. Appeal and error ⚙═930(3)—Issue not requested to be submitted deemed found in favor of party for whom judgment entered; there being evidence to sustain such finding.**

In action by tenant against landlord for wrongful eviction, there being evidence tending to show that defendant ousted plaintiff in order to rent premises to others at a materially higher rental, and judgment was rendered for plaintiff, held that, under Rev. St. art. 1985, defendant not having requested submission of issue of probable cause, appellate court is required to deem such issues found in favor of plaintiff.

**8. Sequestration ⚙═21—Suing out writ of sequestration by landlord, not entitled to possession, held to render him liable to tenant for exemplary damages.**

The suing out of a writ of sequestration by landlord, knowing he was not entitled to possession of premises, manifests a wanton and reckless disregard of tenant's rights, rendering landlord liable for exemplary damages.

Appeal from District Court, McLennan County; Harvey M. Richey, Judge.

Action by H. C. Ingram against N. Wood. Judgment for plaintiff, and defendant appeals. Affirmed.

W. L. Eason, of Waco, for appellant.

Tom Hamilton and J. A. Kibler, both of Waco, for appellee.

GALLAGHER, C. J. This suit was instituted by appellee, H. C. Ingram, against appellant, N. Wood, to recover actual and exemplary damages for alleged wrongful eviction from a certain store house in the city of Waco. The parties will be designated as in the trial court. On January 18, 1919, plaintiff, Ingram, and one Hill rented the store house involved herein from defendant, Wood. They immediately began operating a pool and billiard hall therein. Each partner contributed a part of the furniture and equipment. Shortly afterward said partnership was terminated, and Hill withdrew his share of the furniture and equipment. About that time plaintiff began conducting a cold drink stand, and confectionery, cigar, and tobacco business in said building in addition to his pool and billiard hall business. Plaintiff continued in possession of the premises and paid the rent thereon until August 14th following, when defendant gave him notice to vacate within four days from the date thereof. On August 19th another notice to vacate was served on plaintiff, and immediate possession demanded. On August 20, 1919, defendant sued plaintiff in trespass to try title for title and possession of the leased premises, and on August 22d sued out a writ of sequestration, and caused the same to be served, and plaintiff was by the service thereof ousted from the possession of said premises. De-

fendant's affidavit for sequestration valued the property at $5,000; alleged that he was the owner thereof and entitled to the possession of the same; and that he feared said Ingram would make use of his possession to injure said property. Plaintiff, Ingram, failed to replevy said property. The officer's return on the writ of sequestration shows that defendant, Wood, replevied the same, and that possession thereof was turned over to him on September 2, 1919. Said suit was dismissed by the court for lack of prosecution on November 24, 1919. Other facts will be stated in connection with our discussion of the issues of law involved in this appeal. The case was submitted to a jury on special issues. Said issues and the answers of the jury thereto were as follows:

"No. 1. Were the premises in question leased to the plaintiff and Jack Hill by the defendant for a year, or by the month or week? Answer: For a year.

"No. 2. From what date was said lease period to begin? Answer: January 18, 1919.

"No. 3. Was the plaintiff conducting a cold drink and confectionery business in said building at the time the writ of sequestration in question was levied by the sheriff on said building? Answer: Yes.

"No. 4. Was the cold drink and confectionery business of the plaintiff injured or damaged by reason of the defendant denying him the right to occupy the premises in question? Answer: Yes.

"No. 5. What would have been the reasonable net earnings or profits, if any, from the operation of the plaintiff's cold drink and confectionery business, as shown by the evidence, during the remaining portion of the time he was entitled to occupy said building, if you believe he was entitled to longer occupy the same under said lease contract? And in this connection you are instructed that you will deduct from said amount, if any, any profits that plaintiff earned or by the use of ordinary diligence could have earned during the remainder of said lease contract. Answer: $875.

"No. 6. Was the act of the defendant in securing possession of the building in question in the manner shown by the evidence malicious? Answer: Yes.

"No. 7. Under all the facts and circumstances in evidence before you, is the plaintiff entitled to recover exemplary damages? Answer: Yes.

"No. 8. What amount of exemplary damages do you find the plaintiff is entitled to recover of the defendant, if any, under all the facts and circumstances in evidence before you? Answer: $500."

The court rendered judgment in favor of plaintiff against the defendant for the aggregate amount of actual and exemplary damages awarded by the jury. The defendant presents the case to us for review by appeal.

Plaintiff, in his first amended original petition filed November 5, 1920, declared on a rental contract for use of the premises here involved for the term of one year from January 18, 1919. He alleged that said contract was made between him and defendant, and that he entered into possession of the premises, paid the stipulated rental as it became due, and continued in possession until ousted and evicted therefrom by defendant. Defendant pleaded that he had no contract with plaintiff alone, but that he did have a contract with plaintiff and one Hill for the use of said premises by them. He alleged such rental contract was from week to week, and that the said tenants were to vacate the premises at the end of any week if he so demanded. During the trial of the case plaintiff, under leave of the court, filed a trial amendment, in which he alleged that he and said Hill as partners rented the premises involved from defendant; that shortly afterward said partnership was dissolved, said Hill voluntarily retiring; and that he individually conducted said business and occupied said premises from such dissolution until he was evicted by defendant. He further alleged that he owned all claims and demands and causes of action against defendant ever had or owned by said Hill growing out of said rental contract. Said trial amendment was filed on April 24, 1924, more than four years after his eviction from the premises. The evidence showed that Hill left or abandoned the rented premises, leaving plaintiff in possession thereof; that plaintiff thereafter was sole owner of the business conducted therein; that he personally paid the rent to defendant; that defendant served notices to vacate on plaintiff individually; that the trespass to try title suit and the sequestration process therein were against plaintiff alone. The evidence further showed a written assignment from Hill to plaintiff of any and all interest in said lease and in this suit. Said assignment recited said Hill's voluntary abandonment of the premises shortly after the making of the lease contract.

Defendant contended that said trial amendment set up a new cause of action, and that such cause of action was barred by the statute of limitation, which statute was duly interposed as a defense by him.

Our Supreme Court, in the case of Phoenix Lumber Co. v. Houston Water Co., 94 Tex. 456, 462, 61 S. W. 707, 708, considered whether an amended petition in which the right to recover was based on allegations showing an implied contract, set up a new and different cause of action from that asserted in the original petition, in which the right to recover was based on allegations showing an express contract. The trial court in that case had sustained an exception to the amended petition on the ground that a new cause of action was set up, and its judgment was affirmed by the Supreme Court. We quote from the opinion of the Supreme Court in that case as follows:

"The courts have found it very difficult to give any general definition of the phrase 'cause of

action' which would apply to all cases alike, and few courts have attempted to do so. Pom. on Remedies, § 452. However, the following definition will be sufficient for the disposition of the case now before us. In the abstract, a cause of action consists of 'the right claimed or wrong suffered by the plaintiff, on the one hand, and the duty or delict of the defendant on the other.' Rodgers v. Mutual Endowment Association, 17 S. C. 410. When used with reference to the pleadings by which the cause of action is alleged, the phrase signifies 'the facts upon which the plaintiff's right to sue is based and upon which the defendant's duty has arisen, coupled with the facts which constitute the latter's wrong. * * *' It is not sufficient that the causes of action be similar in their nature, but they must be essentially identical. Four tests are laid down by which to determine the identity of the causes of action: (1) Would a recovery had upon the original bar a recovery under the amended petition; (2) would the same evidence support both of the pleadings; (3) is the measure of damages the same in each case; (4) are the allegations of each subject to the same defenses?"

In accordance with the ruling of the Supreme Court in that case it is generally held that there is an essential difference between an express and an implied contract. Boyd v. Beville, 91 Tex. 439, 442, 44 S. W. 287; Prichard v. Foster (Tex. Civ. App.) 170 S. W. 1077, 1078, 1079; Wunsch v. Burlington State Bank (Tex. Civ. App.) 248 S. W. 135, 137, 138.

[1] When an express contract is pleaded, on the issue of variance between pleading and proof, it is consistently held that such contract must be proved as alleged. The rules of pleading require the terms of a contract set up and relied on to be correctly stated, and the rules of evidence require that proof offered to sustain such contract shall correspond with the allegations. The following cases cited by appellant in support of his contention here urged merely involve the question of variance. Gammage v. Alexander, 14 Tex. 414, 418; Shipman v. Fulcrod, 42 Tex. 248, 249; Morris v. Kasling, 79 Tex. 141, 144, et seq., 15 S. W. 226, 11 L. R. A. 398; I. & G. N. Ry. Co. v. Reed (Tex. Civ. App.) 189 S. W. 997; Padgitt Bros. Co. v. Dorsey (Tex. Civ. App.) 194 S. W. 1124; Eldridge v. McAdams (Tex. Civ. App.) 24 S. W. 310, 311, 312; Letot v. Edens (Tex. Civ. App.) 49 S. W. 109, 110.

[2] Where, as in this case, an express contract is declared on in a pleading filed before limitation has run, and the contract alleged in the amended pleading, filed after the bar of limitation would be complete, is substantially the same as the contract alleged in such former pleading, and differs therefrom only in minor matters of description, a more liberal rule applies in determining whether such last amendment sets up a new cause of action. Strict identity in such matters of description is not required. It is sufficient, to defeat the plea of limitation,

if the two contracts so pleaded are identical in the essential elements upon which the right to sue is based and upon which the defendant's duty is alleged to have arisen, and in the facts alleged to constitute defendant's wrongful breach of such duty. Whether such essential identity exists between the contract set up by plaintiff in his second amended original petition filed in this case and the contract set up in his third amended petition on which the trial was had as modified by said trial amendment is to be determined by applying the test prescribed in the excerpt from Phœnix Lumber Co. v. Houston Water Co. above quoted.

[3] The existence of an unexpired rental contract between plaintiff and defendant for the identical premises in question, plaintiff's occupancy of the same under such contract, his ownership of the business conducted therein, his eviction therefrom, and his damages resulting from such eviction, are facts alleged in substantially the same terms both in said second and third amended petition. The only modification of the rental contract set out in the trial amendment concerns the inception of plaintiff's right therein. Said trial amendment showed that at the time of such inception such right was held jointly with said Hill, but it further showed that said Hill had abandoned and surrendered said rental contract and the premises covered thereby to plaintiff long before the eviction, and that he had in fact no actual interest in the cause of action asserted in this suit. Clearly plaintiff could not have two recoveries for the same damages suffered by him as a result of the same eviction from the same premises; therefore a recovery under either allegation would be a complete bar to a recovery under the other. Substantially the same evidence on all contested points, such as the existence of an unexpired rental contract, plaintiff's sole possession thereunder, his eviction therefrom, his sole ownership of the business being conducted therein, and his damages resulting from such eviction, would support either allegation. His measure of damages would be the same in either event, and defendant's substantive defenses pleaded in bar of a recovery by plaintiff would have been equally available against either allegation. The trial amendment, construed in connection with the amended pleading on which trial was had, did not set up a new cause of action, subject to the bar of limitation, and defendant's contention is overruled. Phœnix Lumber Co. v. Houston Water Co., supra; Texas Elevator Co. v. Mitchell, 78 Tex. 64, 67, 14 S. W. 275; Sweetzer, Pembroke & Co. v. Claflin & Co., 82 Tex. 513, 515, 17 S. W. 769; Gordon v. Mackey (Tex. Civ. App.) 30 S. W. 586; Sublett v. Hodges, 88 Ala. 491, 7 So. 296, 298; Tribby v. Wokee, 74 Tex. 142, 11 S. W. 1089; Anderson v. Boyd, 64 Tex. 108; Kirby Lumber Co. v. Cummings, 57 Tex. Civ.

App. 291, 122 S. W. 273 (writ refused); Austin v. Jackson Trust & Savings Bank, 59 Tex. Civ. App. 155, 125 S. W. 936 (writ refused); Massey v. Blake, 3 Tex. Civ. App. 57, 21 S. W. 782; Slaydon & Co. v. Palmo (Tex. Civ. App.) 90 S. W. 908.

[4] Plaintiff alleged in his original petition a forcible eviction from the rented premises by defendant. The amended petition on which trial was had was filed more than two years after the eviction. In said amended petition it was alleged for the first time that the defendant sued for title and possession of the premises and caused a writ of sequestration to be issued therefor, and that plaintiff was evicted therefrom by the sheriff who executed said writ of sequestration. Defendant contends that said amended petition set up a new cause of action, and that the same was barred by the statute of limitation, which he interposed as a defense. Plaintiff's cause of action arose out of the alleged breach of the rental contract pleaded by him, and he alleged that such breach was effected by his wrongful eviction from the rented premises before the expiration of such contract. Lamar v. Hildreth (Tex. Civ. App.) 209 S. W. 167 (writ refused). The material issues involved were his rightful possession of the premises and his wrongful eviction therefrom. The manner of such wrongful eviction was merely a matter of descriptive detail. The principle announced and applied in the authorities hereinbefore cited on the issue of a new cause of action set up by amendment are alike applicable to the defendant's contention here under consideration. Said authorities deal with the issue of substantial identity between the contracts alleged. This contention involves the issue of substantial identity between allegations concerning the manner in which the contract was breached. Both allegations under consideration showed a wrongful and forcible eviction from the rented premises. The amendment complained of did not set up a new cause of action subject to the bar of limitation. This holding is supported in principle and by analogy by the following additional authorities: Silberberg v. Trilling, 82 Tex. 523, 18 S. W. 591; G., H. & S. A. Ry. Co. v. Perry, 38 Tex. Civ. App. 81, 85 S. W. 62, 66 (writ refused); T. & P. Ry. Co. v. Buckalew (Tex. Civ. App.) 34 S. W. 165; Sherman Oil & Cotton Co. v. Steward, 17 Tex. Civ. App. 59, 42 S. W. 241 (writ refused).

[5, 6] The rental contract was entered into on January 18, 1919. At that time the operation of a pool and billiard hall was a lawful business. Subsequently the Legislature enacted a law making such operation a misdemeanor, and providing that such operation might be enjoined by the state of any citizen. Gen. Laws of Texas 1919, c. 14. This law by its terms, became effective on May 1, 1919. It is a matter of common knowledge that the validity of said law was assailed on constitutional grounds, and it was shown by the testimony that the respective officers, charged with the enforcement of the penal laws of this state, were enjoined by a federal court from enforcing said law pending a judicial determination of the issue of its validity. There is testimony tending to show that such injunction was in full force and effect at the time plaintiff was evicted from the rented premises. Defendant contends in this connection that the premises involved were rented for the specific purpose of being used as a pool and billiard hall, and that such use became illegal at the time specified by the terms of said act for the taking effect thereof, and that said contract was discharged by subsequent impossibility of legal performance because of such change in the law. There was testimony introduced by plaintiff that the premises were rented for business purposes, and that no specific purpose was stipulated. In support of the judgment entered it must be presumed that the trial court found such to be the fact. R. S. art. 1985. While there is testimony tending to show that plaintiff continued to operate pool and billiard tables in said building, the testimony also shows that he was, at the time of the eviction, and had been long prior thereto, operating a cold drink business in said building, and selling tobacco and cigars in connection therewith. The actual damages pleaded, proved, and recovered were confined strictly to the loss sustained by plaintiff by reason of the destruction of this established and lawful business, which resulted from his eviction from the rented premises. The testimony tends to show that the defendant knew of the continued use of the premises for pool and billiard purposes after May 1, 1919, and that with such knowledge he continued to accept the stipulated rental therefor. There is also testimony tending to show that his purpose in evicting plaintiff was to enable him to rent the building to other tenants at a considerably advanced rental. Said act of the Legislature prohibiting the operation of pool and billiard halls did not impose a penalty on the landlord for permitting such use of rented premises. Neither did it attempt to authorize landlords to declare existing rental contracts terminated and void, where the rented premises were used in part for purposes prohibited by its terms. It does not appear that defendant ever objected to the continued operation of pool and billiard tables in the rented building, or that he ever notified plaintiff of any such objection. If defendant had so objected, he was authorized by the terms of the act as an individual citizen to enjoin such continued use. Such injunction, however, if granted, would not have operated to evict plaintiff from the rented premises. Neither would it have destroyed his lawful established business as a dealer in cold drinks, cigars, and tobacco, nor have inter-

fered in any way with the continuance of such lawful business. Defendant cannot justify the eviction of plaintiff by reason of the enactment of said law, and all his contentions in that connection are overruled.

[7] The court in connection with issue No. 6 above quoted charged the jury as follows:

"In this connection you are instructed that an act is malicious, within the meaning of the law, when the doing of such an act manifests a wanton and reckless disregard for the rights of another."

The defendant objected to this charge on various grounds, one of which was that it did not submit the issue of probable cause. No submission of such issue was requested. Defendant's affidavit for sequestration alleged that he was the owner of the premises in question, and entitled to the possession thereof, and that he feared said Ingram would make use of his possession to injure said property. Defendant testified as a witness on the trial of the case. Nowhere in his testimony do we find any reference to any fear of injury to the premises from plaintiff. He confined his testimony on this issue to a denial that he was actuated by ill will or malice in suing out the writ, and to a declaration that he was not mad at plaintiff, and never had any ill will against him. Defendant's right to possession at the time he sued out such sequestration depended on the term stipulated for the continuance of the tenancy under the rental contract. Defendant made no contention with reference to any mistake or uncertainty on his part concerning the term for which the rental contract was to continue. There was a sharp conflict between his testimony and the testimony introduced by plaintiff on such issue. The jury decided that the rental contract was to continue for the term of one year. Plaintiff in his pleadings charged that the defendant knew at the time he sued out said sequestration that he was not entitled to the possession of the premises sequestered; that he knew that plaintiff could not make a replevy bond in the sum of $10,000, which bond was required to enable him to remain in possession during the pendency of the suit; that defendant did not fear that he would injure the property; and that defendant's real purpose was to oust plaintiff from possession by the service of said writ, replevy the property himself, and rent the premises to other tenants for a longer term and at a materially higher rental. There was evidence tending to support these allegations. Defendant did not request that this issue be submitted to the jury, and we are required to deem such issue found in favor of plaintiff. R. S. art. 1985.

[8] The gist of plaintiff's cause of action was the wrongful breach of the rental contract by forcible eviction from the rented premises. The sequestration proceedings were the means by which the eviction was accomplished. If defendant sued out such sequestration knowing he was not entitled to the possession of the premises, such action manifested a wanton and reckless disregard of plaintiff's rights, and rendered him liable for exemplary damages. Clark & Loftus v. Pearce, 80 Tex. 146, 149, 15 S. W. 787; Lamar v. Hildreth (Tex. Civ. App.) 209 S. W. 167, 172 (writ refused); Simpson v. Lee (Tex. Civ. App.) 34 S. W. 1053, 1054; Knox v. McElroy, 103 Tex. 357, 358, 127 S. W. 798; McKee v. Garner (Tex. Civ. App.) 168 S. W. 1031, 1033; Land v. Klein, 21 Tex. Civ. App. 3, 50 S. W. 638, 639.

The case is submitted in this court on 27 propositions. We have examined all the same, and find nothing justifying a reversal of the judgment of the trial court, and the same is here affirmed.