STEPHENVILLE, N. & S. T. RY. CO. et al. v. VOSS et al.

(Court of Civil Appeals of Texas. Ft. Worth. May 31, 1913. Rehearing Denied June 28, 1913.)

1. DEATH (§ 23*)—RIGHT OF ACTION—CONTRIBUTORY NEGLIGENCE.

Since, under the express provisions of Rev. Civ. St. 1911, art. 4695, the wrongful act sufficient to form the basis of recovery for wrongful death under article 4694 must be such as would, if death had not ensued, entitle the injured party to maintain an action, there can be no recovery for wrongful death proximately resulting from contributory negligence of the deceased.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 25, 26; Dec. Dig. § 23.*]

2. NEGLIGENCE (§ 141*)—INSTRUCTIONS—CONTRIBUTORY NEGLIGENCE—"TENDER YEARS"—"IMMATURE YEARS."

In an action for the wrongful death of a 14 year old boy, an instruction that a person of immature years need not exercise the same degree of care as is required of a person of mature years was not erroneous in the use of the phrase "immature years" instead of "tender years;" the two expressions being practically synonymous, and it appearing indisputably from the age of deceased that he was of immature years.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 382–399; Dec. Dig. § 141.*

For other definitions, see Words and Phrases, vol. 8, p. 6911.]

3. TRIAL (§ 260*)—REFUSAL OF INSTRUCTIONS COVERED—NEGLIGENCE.

In an action for the death of a boy playing beneath a turntable revolved by his companions, an instruction that there could be no recovery if deceased was warned of the danger, and understood such warning and failed to observe same, and his death resulted therefrom, was sufficiently covered by an instruction to find for defendants if deceased had sufficient intelligence to realize the danger in which he placed himself, and of his conduct while there, whether from his own knowledge or from warnings given him, and if his conduct proximately contributed to his death, though defendants were negligent in leaving the turntable unlocked; and hence the requested instruction was properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

4. NEGLIGENCE (§ 136*)—INJURY TO MINOR—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

In an action for the wrongful death of a 14 year old boy, who had placed himself beneath a turntable revolved by his companions, which turntable was unusally attractive to children, the question whether deceased was guilty of contributory negligence in playing beneath the turntable was for the jury.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 277–353; Dec. Dig. § 136.*]

Appeal from District Court, Comanche County; J. H. Arnold, Judge.

Action by F. E. and Etta Voss against the Stephenville, North & South Texas Railway Company and others. From judgment for plaintiffs, defendants appeal. Affirmed.

Marshall Ferguson, of Stephenville, and Goodson & Goodson, of Comanche, for appellants. Calloway & Calloway, of Comanche, and Wilkinson & Baugh, of Brownwood, for appellees.

SPEER, J. F. E. and Etta Voss sued the Stephenville, North & South Texas Railway Company, John R. Scott, and the firm of Thompson & Scott for damages on account of the death of their minor son, who was killed while playing in a turntable pit belonging to and under the control of the defendants. The defendants answered, among other things pleading contributory negligence of the deceased. There was a trial before a jury, resulting in a verdict and judgment for the plaintiffs for $3,100, and the defendants prosecute this appeal.

The deceased was nearly 14 years old at the time of his death, and the evidence indicates was a boy of unusual intelligence and precocity for one of his age. In company with a number of other boys about his age he repaired to the turntable on the day of his death, and along with the other boys entered the pit beneath the arms of the table proper, and by placing himself between the ties, and by extending himself prone upon the ground, permitted his companions to revolve the table above him. While in this position there was no danger to him, but upon raising his head or limbs he came in contact with the rapidly revolving table, and was crushed to death. The evidence shows that he was warned immediately prior to the accident by some persons who were present that it was dangerous to get into the pit under the table, and admonished not to do so. He replied that it was not dangerous, and immediately put himself in the position where he was subsequently killed. There is nothing to indicate that the boy was either above or below the average boy of his years in the matter of intelligence. The crucial question in the case is whether or not the deceased was guilty of contributory negligence.

[1] The present cause of action in favor of appellees, if any exists, is by force of statute (article 4694, Revised Statutes 1911), and, death having ensued, these appellees have a cause of action only in the event their son, if death had not ensued, could have maintained an action for his injuries (Revised Statutes 1911, article 4695). The contributory negligence, then, of the deceased becomes a vital question in the case.

[2] The court thus submits the rule for the guidance of the jury in determining this important issue: "In this connection, however, you are instructed that the conduct of a person of immature years is not to be judged by the same rule which governs adults. While the general rule applied to an adult is that, to authorize a recovery of damages for his injury or death resulting from the fault or negligence of another, he must himself have been free from negligence or fault, the law does not require that a person of immature years shall exercise the same degree of care and caution as a person of mature years but only that degree of care and caution that a person of the same age, intelligence, and experience would reasonably be expected to use under the same or similar circumstances. Therefore you are further instructed that the term 'ordinary care' as applied to Jim Ed Voss would be the use by him of such care and caution as a person of the same age, intelligence, and experience would reasonably be expected to use, and would naturally and ordinarily use under the same or similar circumstances; and, if you find and believe that he contributed to his death by his failure to exercise such ordinary care, you will find for the defendants." The criticism of this charge is that it was calculated to mislead the jury, and cause them to believe that a person of any age under 21 years necessarily was not held to the same degree of care as an adult. In other words, the deceased being only 14 years of age, the court should have employed the words "tender years" instead of the expression "immature years." The age of the deceased was such, however, that indisputably he was of immature years, and the court committed no error in telling the jury so. That the charge might have been misleading as applied to some cases different from the facts of the present case cannot make the charge harmful in this instance. Besides, we see no advantage which could have accrued to appellant by the use of the expression "tender years" in this connection, instead of that of "immature years," for the word "tender" in such connection is, for all practical purposes, synonymous with the word "immature."

[3] The following special charge was requested by appellant: "If you should find from the evidence that just before Ed Voss came to his death the said Ed Voss was warned by any person or persons that it was

dangerous for him to play in said pit or under said turntable, and that he might get hurt by so doing, and you believe from the evidence that Ed Voss heard such warning, if any such was given, and that the said Ed Voss was at said time of sufficient intelligence to know what said words meant and to understand said warning, if such words were said or warning was given, and you should further find that the said Ed Voss failed to observe said warning, if any, and that his failure to do so was negligence in the said Ed Voss as defined in the main charge of the court, and that said negligence on the part of said Ed Voss, if any, caused or contributed to the injuries to said Ed Voss which resulted in his death, then and in that event you will find for the defendants." This charge was refused because the court was of the opinion the matter had been covered by the main charge, and we concur in that opinion. In the main charge we find this: "Or if you believe and find from the evidence that the said Jim Ed Voss did, on the day of his death and prior thereto, lay down in the pit of the turntable in question between the ties, while the turntable was in motion, and that he intended to permit the said turntable to pass over him, and that the said Jim Ed Voss while so lying in the pit in question, if he did so, raised his head and legs, or his head or leg up to a point that the same would come in contact with the turntable in question in passing over him, and in a position that his head or leg, or both, would be caught and struck by said turntable as it passed over him, and that while in such position the said Jim Ed Voss was caught and killed by the said turntable in question, and if you should further believe and find from the evidence that the said Jim Ed Voss had sufficient intelligence to understand and realize the danger to himself of the situation in which he had placed himself and of his conduct while in said position, whether from his own knowledge and judgment, or from any warning or warnings then and there, or theretofore, given to him, and that such conduct on the part of said Jim Ed Voss, if the same occurred, was negligence on his part within the meaning of that term as heretofore explained to you in this charge, and that such conduct on the part of Jim Ed Voss caused, or proximately contributed to, his death, then in either of these events you will find for the defendants, although you may find from the evidence that the turntable was unlocked and unguarded, and that the same was negligence on the part of the defendants."

[4] This disposes of all matters save the sufficiency of the evidence to support the verdict. We find from the facts that the defendants were negligent in leaving the turntable, which was under their control, unlocked and unguarded, that the same was unusually attractive to children and persons of immature years, and that the deceased while in the exercise of ordinary care for one of his years and experience, in playing beneath said turntable, was crushed and killed by reason of appellant's negligence, and that appellees sustained damages in consequence thereof to the amount of the judgment. See Evansich v. G. C. & S. F. Ry. Co., 57 Tex. 126, 44 Am. Rep. 586; G., C. & S. F. Ry. Co. v. Coleman, 51 Tex. Civ. App. 415, 112 S. W. 690; Russell v. O. R. & N. Ry. Co., 54 Or. 128, 102 Pac. 619. The Oregon case of Russell v. Railway Co., last cited, is very much in point. The deceased in that case was a boy 13 years of age. The court there said: "Defendant in this case pleaded contributory negligence on the part of the deceased, and the evidence shows that he drove upon the track without stopping, looking, or listening, or apparently giving much attention to the train. * * * In a man of mature years we would be inclined to hold that the case of contributory negligence was so satisfactorily made out that the verdict ought not to be allowed to stand, but we are not prepared to apply that rule to the case of a boy of the age of the deceased. It is true he was shown to be a bright, intelligent boy, the equal, and perhaps the superior, of many boys of his age. He had driven over this crossing nearly every day for over two weeks, and had been told by his father to be careful at the crossing. A lady had warned him to be careful, and he had answered that he knew enough to take care of himself, and, no doubt, with the self-sufficiency of youth, he thought he did. But with all his intelligence he was yet a child. He 'thought as a child and understood as a child,' and in an emergency he would act as a child, and it would be a harsh rule that would hold him to the same strict accountability that would be required of a person of mature years. * * * While a boy of the general intelligence of the deceased, as shown by the testimony, approaches in some respects the standard of an adult, it is not for the court, as a matter of law, to say that he had the judgment, power of reflection, and discrimination to appreciate the full extent of the dangers at this crossing. This was a matter for the jury." This excerpt indicates what we think is the true rule in this state; that is, that whether or not a child of the age of the deceased in this instance is guilty of contributory negligence in a given case is a question of fact for the determination of the jury, and not one of law for the direction of the court.

There is no error in the judgment, and it is affirmed.