WEINSTEIN v. ACME LAUNDRY.
(No. 7850.)

(Court of Civil Appeals of Texas. Ft. Worth. Feb. 7, 1914. Rehearing Denied March 14, 1914.)

1. APPEAL AND ERROR (§ 264*)—QUESTIONS REVIEWABLE—SUFFICIENCY OF EVIDENCE.

Where no exception was taken to the special verdict, the court on appeal may not consider the sufficiency of the evidence to support it.

[Ed. Note.—For other cases. see Appeal and Error, Cent. Dig. §§ 1533–1535; Dec. Dig. § 264.*]

2. TRIAL (§ 343*) —VERDICT—CONCLUSIVENESS.

A verdict is conclusive between the parties until set aside.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 809–812; Dec. Dig. § 343.*]

3. MASTER AND SERVANT (§ 302*)—NEGLIGENCE OF SERVANTS—INJURIES TO THIRD PERSONS—LIABILITY.

A master is liable for injuries caused by the negligence of a servant while acting within the scope of his employment, and it is immaterial that the negligence of the servant co-operated with that of a volunteer or unauthorized person.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1217—1221, 1225, 1229; Dec. Dig. § 302.*]

Appeal from District Court, Tarrant County; R. H. Buck, Judge.

Action by E. Weinstein, as next friend of Sol Weinstein, against the Acme Laundry. From a judgment for defendant, plaintiff appeals. Reversed and rendered.

McLean, Scott & McLean, of Ft. Worth, for appellant. Wray & Mayer, of Ft. Worth, for appellee.

CONNER, C. J. E. Weinstein, as next friend of his minor son, Sol Weinstein, instituted this suit in the district court to recover damages for personal injuries inflicted upon the son and caused by the negligence of certain employés of appellee. It was charged that one Crawford and one Bingham, appellee's employés, were engaged in removing rubbish from a room in an upper story of a building owned by the appellee, and that while so engaged they negligently threw out of the window and upon the street below a barrel filled with refuse, which fell upon and seriously injured the passing boy. It was admitted in behalf of appellee that the act of Bingham and Crawford in throwing out the refuse as they did constituted negligence, and the case was submitted to the jury upon three special issues only. The first special issue was whether the witness Crawford was at the time acting within the scope of his employment, and the second issue was whether the witness Bingham was so acting; the only remaining issue being the amount of the damages suffered by the boy. The jury by its verdict answered the first question, "No," and the second question, "Yes," and further assessed the damages at the sum of $3,000. No exception to this verdict was taken by either party below; the parties severally presenting motions for the entry of judgment. The court granted the motion of appellee and rendered judgment in its favor, and hence this appeal.

[1-3] The simple question presented is whether the court properly entered judgment for the appellee upon the admitted facts and special verdict. We think the court erred in so doing and that the judgment should have been rendered for appellant. As before stated, no complaint of or attack upon the special verdict was made below. This precludes a consideration on our part of the sufficiency of the evidence to support it, and the express finding of the jury is to the effect that at least one of appellee's servants, to wit, Bingham, was acting within the scope of his employment at the time he negligently threw the barrel of refuse upon the street below. Until set aside the verdict is conclusive between the parties, and it is familiar law that the master is liable in damages for injuries proximately caused by the negligence of a servant while acting within the scope of his employment, and in such case it can make no difference that the negligence of the servant so acting co-operates with that of a volunteer or unauthorized person. This being true, it was immaterial that Crawford, the other employé, may not have been acting at the time within the scope of his employment. It is sufficient that Bingham was and that his acts of negligence proximately contributed to bring about the injury. See Revised Statutes 1911, arts. 1985, 1986; Waller v. Lillie, 96 Tex. 21, 70 S. W. 17; Scott v. F. & M. Nat. Bank, 66 S. W. 493; Casey-Swasey Co. v. Manchester Fire Assur. Co., 32 Tex. Civ. App. 158, 73 S. W. 864.

We conclude that upon the special verdict and the admitted and undisputed facts the judgment should be reversed, and here rendered for appellant, and it is so ordered.